MISSISSIPPI CENTRAL R. R. Co., for the use of LEONI-
DAS BILLS, *v.* SOUTHERN R. R. ASSOCIATION.

CONTRACTS. *Want of privity. Pleading and practice. Accounts. Lease.
Mandamus.* Facts: The S. R. R. Association leased the property of
the M. C. R. R. Co., agreeing to pay certain specified debts of the lat-
ter, and other existing liabilities not yet ascertained by judgment or
otherwise. These debts were only to be paid when first adjusted and
specified in the schedule to the agreement, and audited by the M. C.
R. R. Co. The claim in this case existed at the time of the agree-
ment between the companies, but the M. C. R. R. Co. never adjusted,
approved and certified the claim, but refused to do so. The plaintiff
got judgment against the M. C. R. R. Co. before a magistrate, and
brings this suit, in the name of the M. C. R. R. Co., against the S. R.
R. Association, in the Circuit Court, claiming the right to recover
his judgment against that company.
*Held,* the claim not being adjusted, &c., by the M. C. R. R. Co. as re-
quired by the terms of the agreement, and there being no privity be-
tween the plaintiff and the S. R. R. Association, under the circum-
stances he could not sue the S. R. R. Association, either in his own
name or that of the M. C. R. R. Co., for refusal to pay this demand.
His remedy was to enforce his claim either by execution upon the
magistrate's judgment, if there was property subject to levy belonging
to the M. C. R. R. Co., or to compel that company to adjust and cer-
tify his claim by mandamus.

---

FROM HARDEMAN.

---

Appeal from the Circuit Court. THOS. J. FLIP-
PIN, Judge.

WOOD & MCNEAL for plaintiffs.

J. & F. FENTRESS for defendant.

On the 1st of February, 1871, Leonidas Bills re-
covered a judgment, before a justice of the peace of

Hardeman county, for $282.97, against the Mississippi Central R. R. Co. Without issuing execution thereon or taking other steps to enforce payment against the railroad company, he commenced this suit, in the name of the Mississippi Central R. R. Co. for his use, against the Southern Railroad Association, claiming the right to recover the amount of his said judgment from the Southern Railroad Association. He avers in his declaration that said judgment was rendered upon a claim held by him against the Mississippi Central R. R. Co., which claim, among others, the defendant (the Southern Railroad Association), in the year 1868, agreed to and with the Mississippi Central R. R. Co. to pay off and satisfy, and undertook and promised to settle and pay off the same to the said Bills, for and in the place and stead of the said Mississippi Central R. R. Co., by written agreement entered into between said railroad company and said Southern Railroad Association. The written agreement and judgment referred to are made exhibits to the declaration.

Defendant demurred to the declaration, among other reasons, because, by plaintiff's own showing, defendant is not liable for any demand against the Mississippi Central R. R. Co. until the same is approved and certified to defendant for payment, and, by their own showing, no such approval or certificate for payment has been made, as is necessary in law to bind defendant.

The question raised by the demurrer was also raised by a motion of defendant against plaintiff Bills, to show by what authority he used the name of the

Mississippi Central R. R. Co. in bringing the suit for his use. After hearing proof on this motion, the rule was discharged. At a subsequent day the court overruled the demurrer, and a jury being waived by the parties, the court rendered judgment against the defendant for the amount of the judgment and interest.

The plaintiff Bills rests his right to use the name of the Mississippi Central R. R. Co. upon the ground that the Southern Railroad Association has promised and undertaken to pay him the amount of his judgment against the Mississippi Central R. R. Co., and to support this promise and undertaking, he relies upon a written agreement between the two companies, entered into on the 25th of June, 1868. By the terms of this agreement, the former company leases to the latter the Mississippi Central Railroad, with all its fixtures, franchises, etc., for sixteen years, and sells to it certain specified personal property; and the latter company assumes to pay certain specified debts of the former, the amounts of which had been ascertained and adjusted and set out in a schedule to the agreement, which claims were to be so paid when demanded. Also, other existing indebtedness "of the former company, and claims against said party, as well those ascertained as those not yet ascertained, by judgment or otherwise." This indebtedness, so far as the same had then been adjusted by the former company, was itemized and named in the schedule attached to the agreement under exhibit B. And "the party of the first part will, from time to time, as the un-

liquidated claims intended to be embraced in this article shall be ascertained and adjusted, deliver to the party of the second part a complete list of the same, which list shall embrace the name of each creditor, his residence if known, the amount of the debit, and when due and payable, and shall be added to the schedule."

The agreement, in which these stipulations appear, was made part of the declaration of plaintiff by profert, but there is no averment therein that the debt of plaintiff Bills had been adjusted or approved, or certified by the Mississippi Central R. R. Co., and, on motion of defendant for plaintiff to show his authority for using the name of the Mississippi Central R. R. Co., it appeared, by proof, that the company had never adjusted, approved and certified the claim of plaintiff, but had refused so to do.

If it were conceded that the claim of the plaintiff against the Mississippi Central R. R. Co. was existing at the time of the agreement between the two companies, the question arises, whether, upon a proper construction of the undertaking on the part of the Southern Railroad Association, they undertook and promised to pay the claim of plaintiff? It is manifest that there was no such undertaking and promise, as between the Association and plaintiff Bills. Even if there was such promise as between the two companies, and this promise was absolute and without condition, it is clear that Bills could not sue upon it in his own name, for want of any privity between him and the Southern Railroad Association.

But, by the terms of the agreement, those debts of the Mississippi Central R. R. Co. only were to be paid, when demanded, which had been adjusted and ascertained and specified in the schedule to the agreement. As to the unadjusted debts, the Southern Railroad Association required them to be audited, adjusted, certified and added to the schedule, before their payment could be demanded even by the Mississippi Central R. R. Co. This stipulation was evidently inserted for the benefit and protection of both parties to the agreement, especially for the protection of the Southern Railroad Association, and they had a right to require a strict compliance with its terms before they could be required to pay. Under the terms of the agreement, even if Bills was the assignee of the Mississippi Central R. R. Co. of the amount of his debt, he could not recover the amount, either in his own name or that of the Mississippi Central R. R. Co., without showing that the latter company had adjusted and approved the debt as prescribed in the agreement.

The result is not altered by the fact that the debt of Bills was justly due from the Mississippi Central R. R. Co., and that they had, without good cause, refused to adjust and certify it. The Mississippi Central R. R. Co. had reserved the right to determine what claims should be adjusted and certified. But the refusal of that company to adjust and certify the claim did not prevent Bills from enforcing his claim, either by execution, if there was property subject to levy, or by mandamus to compel the company to ap-

prove and certify his claim. Until the claim should be so approved and certified, he could make no demand of the Southern Railroad Association, nor sue for the refusal to pay, either in his own name or in that of the Mississippi Central R. R. Co.

It follows that the Circuit Judge erred in discharging the motion and overruling the demurrer. For these errors the judgment is reversed and the suit dismissed.